**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4911**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff – Appellee,

　　　v.

VICTOR GERARDO PAULIN,

　　　　　　　Defendant – Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., Chief District Judge.  (3:09-cr-00080-RJC-1)

Submitted:  April 21, 2011　　　　　　　Decided:  May 9, 2011

Before MOTZ, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Matthew R. Segal,
Assistant Federal Defender, Asheville, North Carolina; Angela
Parrott, Assistant Federal Defender, Charlotte, North Carolina,
for Appellant.  Amy Elizabeth Ray, Assistant United States
Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Gerardo Paulin appeals the 186-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006), possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2010). Paulin's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Paulin was exempt from the statutory mandatory minimum sentence set out in § 924(c)(1)(A) and whether Paulin's sentence was procedurally reasonable. Paulin was advised of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

Counsel first questions whether Paulin is subject to the statutory mandatory minimum sentence set forth in § 924(c)(1)(A) because he was subject to a higher statutory mandatory minimum sentence for his drug trafficking convictions. As counsel acknowledges, however, this argument is foreclosed by the Supreme Court's recent decision in Abbott v. United States, 131 S. Ct. 18, 23 (2010) (holding "that a defendant is subject

2

to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction."). Therefore, Paulin's first argument fails.

Counsel also argues that Paulin's sentence is procedurally unreasonable because the district court's finding overstated the amount of drugs attributable to Paulin. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range. Gall v. United States, 552 U.S. 38, 51 (2007). In assessing the district court's application of the Guidelines, "we review the district court's . . . factual findings for clear error." United States v. Layton, 564 F.3d 330, 334 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). "Clear error occurs when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted). Upon review, we conclude that the district court did not clearly err in its determination of the amount of drugs for which Paulin was held accountable for Guidelines purposes.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Paulin, in writing, of his right to petition the Supreme Court of the United States for further review. If Paulin requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Paulin. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>